IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY GLEGHORN                                              PLAINTIFF

v.                           Case No. 04-6060

DON MELTON, ARKANSAS STATE POLICE DIRECTOR,
IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY;
THOMAS MARS, FORMER ARKANSAS STATE POLICE DIRECTOR;
FRANK GWEN, CHAIRMAN OF THE ARKANSAS STATE POLICE
BOARD; AND ARKANSAS STATE POLICE                           DEFENDANTS

## ORDER

Now on this 3rd day of November 2006, there comes on for consideration the Motion to Dismiss for Failure to Comply with Court Order (Doc. 35) filed by Defendants on September 8, 2006 and supporting brief (Doc. 36). Also before the Court is Plaintiff's Response (Doc. 37).

On April 1, 2005, Defendants filed a motion to compel discovery. (Doc. 10). Plaintiff did not file a response. On April 15, 2005, the Honorable Bobby E. Shepherd granted Defendants' motion ordering Plaintiff to answer Defendants' interrogatories and requests for production of documents within ten (10) days. (Doc. 13).

On June 30, 2005, Defendants filed a motion to dismiss (Doc. 14) alleging Plaintiff failed to comply with Judge Shepherd's order. Plaintiff failed to timely respond to this motion, and on July 19, 2005, this Court granted Defendants' Motion and dismissed Plaintiff's case for failure to prosecute and to comply with Court orders but stating it would reconsider the ruling if Plaintiff

filed a response to the motion to dismiss within seven days showing good and adequate cause for failing to prosecute the action and to comply with Judge Shepherd's order. (Doc. 17). That same day, Plaintiff filed his untimely response to Defendants' Motion to Dismiss contending he had complied with the Court's order. (Doc. 18). Defendants replied on July 25, 2005 (Doc. 19) stating that Plaintiff had not yet produced all of the requested discovery. On July 28, 2005, this Court determined Plaintiff's response failed to establish any reason why the case should not be dismissed for failure to prosecute and upheld the dismissal. (Doc. 20).

On August 11, 2005, Plaintiff filed a Motion to Alter or Amend Judgment (Doc. 21) stating he had complied with the Court's order and was diligently pursuing his case. Plaintiff further argued he should not be punished for the acts or omissions of his attorneys but the more appropriate remedy would be to sanction Plaintiff's counsel. This Court denied Plaintiff's Motion on August 15, 2005 (Doc. 23), and Plaintiff appealed the dismissal (Doc. 24) on August 29, 2005. The Eighth Circuit Court of Appeals reversed and remanded the case on August 9, 2006 finding that sanctions were warranted but that the Court must consider lesser sanctions and make a finding that Plaintiff acted willfully and in bad faith before dismissal would be an appropriate sanction. (Doc. 31).

Defendants move the Court to make more specific findings with respect to the willful nature of Plaintiff's violation of orders of

AO72A
(Rev. 8/82)

this Court or, alternatively to require Plaintiff to show good and adequate cause for his failure to prosecute his case and to comply with the Court's order compelling Plaintiff to respond to Defendants' interrogatories and requests for production of documents (Doc. 13). Plaintiff contends that dismissal is too harsh a sanction and that his failure to comply with this Court's order to provide discovery was not willful.

The Defendants' Motion is DENIED without prejudice to renew it at a later date. The Court will consider at trial imposing monetary sanctions against Plaintiff's counsel, and if any outstanding discovery is not promptly provided, the Court will again consider dismissal.

IT IS SO ORDERED this 3rd day of November 2006.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)